UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMANDA JO WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01693-SEB-MJD |
| | ) |
| COLUMBUS REGIONAL HOSPITAL, | ) |
| COLUMBUS REGINAL HOSPITAL BIRTHING CENTER, | ) |
| BETHANY COLE Columbus Regional Hospital Birthing Center, | ) |
| ROBYN DYKSTRA Columbus Regional Hospital Birthing Center, | ) |
| KILEE LITTRELL Columbus Regional Hospital Birthing Center, | ) |
| DEGAULLE HAILE Columbus Regional Hospital Birthing Center, | ) |
| BRENDAN BARKER Columbus Regional Hospital Birthing Center, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE (Dkt 20) AND MOTION FOR JOINDER OF INDISPENSABLE PARTY (DCS) (Dkt 22)**

Before the Court are two procedural motions filed by *pro se* Plaintiff Amanda Jo Williams ("Ms. Williams"), who is litigating claims against Defendant Columbus Regional Hospital ("Hospital") and other individuals for alleged violations of her civil rights under the Fourth and Fourteenth Amendments and certain statutory rights under the Americans With Disabilities Act ("ADA") and the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") and various state law claims. Her Complaint was filed on October 29, 2024 (Doc 9), to which Defendants responded on January 27. 2025 with their jointly filed answer, affirmative defenses and request for jury trial (Doc 17).

Ms. Williams seeks to have stricken four of the Hospital's fifteen (15) Affirmative Defenses on the grounds that "(t)hese defenses lack factual support, are immaterial, and improperly shift the burden onto Plaintiff." (Plt's Motion to Strike, page 1) She specifically targets Affirmative Defenses # 12 (HIPPA does not create a private action), 5 (Qualified immunity), 10/11 (comparative fault, contributory negligence), and 9 (failure to mitigate).

Rule 8(c), Fed. R. Civ. P., requires a party defendant to set forth its affirmative defenses in the responsive pleading, which is what the Hospital did here. We address the four defenses which Ms. Williams seeks to have stricken:

Defense # 12 - on the grounds that it is "immaterial" and irrelevant", because Plaintiff asserts that she has not alleged any violations of HIPAA; Count III indicates otherwise, however, in that it is captioned as a claim for "Violation of the Health Insurance Portability and Accountability Act (HIPAA)".

Defense # 5 – on the grounds that Defendants are private parties for whom qualified immunity is unavailable as a matter of law; however, the Complaint includes Constitutional claims against the Defendants under the 4th and 14th Amendments, and, though the Hospital denies those violations, they seek to protect themselves against liability, if they are found to be state actors, on the grounds of their qualified immunity.

Defenses # 10 and # 11 – on the grounds that Defendants have asserted these boilerplate defenses without specific facts supporting comparative fault and contributory negligence and are thus conclusory; however, Defendants argue that their inclusion and framing of this allegation complies with Rule 8(c)'s requirement that it be "simple, concise, and direct", and despite its brevity, it suffices to place Plaintiff on notice of this theory of defense.

Defense # 9 – on the grounds that the defense of failure to mitigate damages lacks any and all specifics; however, according to Defendants, this concise statement satisfies the requirements of rule 8(c) that it be a "simple, concise, and direct" statement, and despite its brevity it suffices to place Plaintiff on notice of this theory of defense.

Defendants generally object to the motion to strike arguing that the kind of elaboration sought by Plaintiff in the Motion to Strike is not required and that each of these defenses relates directly to claims Ms. Williams has included in her complaint, making them relevant and material.

The law is with the Defendants with regard to the Motion to Strike.

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Defenses that "are sufficient as a matter of law" or "present questions of law or fact" are generally not stricken; a defense needs to be "insufficient on the face of the pleadings" to be stricken. *Id.*; *see also* Fed. R. Civ. P. 12(f).[1] Although they sometimes remove unnecessary clutter and expedite a case, motions to strike are generally disfavored because they "potentially serve only to delay." *Heller*, 883 F.2d at 1294; *see also Aylin & Ramtin, LLC v. Barnhardt*, No. 19-cv-3402, 2022 WL 658786, at *1 (N.D. Ill. Mar. 4, 2020) ("All too often, motions to strike don't speed things up – they slow things down."); *Leon v. Jacobson Transp. Co.*, No. 10 C 4939, 2010 WL 4810600, at *1. Thus, affirmative defenses will not be stricken "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal quotations omitted).

Stoicescu v. Hamilton Sundstrand Corp., No. 24-CV-50018, 2025 WL 919519, at *1 (N.D. Ill. Mar. 26, 2025)

The Court finds, at least at this early stage of the litigation, that Ms. Williams has failed to show to a certainty that she will succeed in her case despite any of the facts that could be

proved in support of any of the affirmative defenses. The Motion to Strike (Dkt. 20) is, accordingly, **DENIED**.

Ms. Williams's second procedural motion, which she ties to Rule 19, Fed. R. Civ. P., is entitled "joinder of indispensable party (DCS) and for emergency stay of state court chins fact-finding hearing." Doc 22, filed January 20, 2025[1]. Rule 19 along with Rules 20 and 21 relate to joinder of parties to provide relief to DEFENDANTS who may seek to join in a single action multiple defendants when the relief against them is sought jointly, severally, or, in the alternative arises out of the same transaction/occurrence and involves questions of law or fact common to all defendants. Ms. Williams is not a defendant in this action; she is the Plaintiff. Thus, to secure the relief she seeks in this motion she must proceed pursuant to Rule 15, Fed. R. Civ. P., which authorizes amended and supplemental pleadings in order to bring claims against the Department of Child Services (DCS), who would be an entirely new party defendant. To pursue such relief, because any motion to amend filed by her would be brought more than 21 days after service of the Hospital's January 2025 responsive pleading, she must secure the Hospital's consent or the Court's leave to amend. Fed. R. Civ. P. 15(a)(2). (*See*: Green, Jr. v. Meijer, Inc., 2020 WL 6522062).

The motion to join an indispensable party (Dkt. 22), accordingly is **DENIED,** unless and until the correct procedural steps are complied with and permission to amend the complaint is granted.

IT IS SO ORDERED:

Date: 9/29/2025

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] Ms. Williams has included a request for a temporary restraining order directed towards the Bartholomew Circuit Court to prevent the CHINS case involving custody of Ms. Williams's children from proceeding during the pendency of this federal litigation. Because several months have passed without any effort to secure a TRO, during which time, we assume, the state case has proceeded towards a resolution, we will not address this part of the pending motion.

Distribution:

AMANDA JO WILLIAMS
534 Patterson Road
Columbus, IN 47203

Steven J. Cohen
ZEIGLER COHEN & KOCH
scohen@zcklaw.com

Erin Elizabeth Meyers
ZEIGLER COHEN & KOCH
emeyers@zcklaw.com